United States District Court
Southern District of Texas
**ENTERED**
June 28, 2024
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| RUDY CASTILLO, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:23-cv-03134 |
| | § | |
| WORLEY GROUP, INC., | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM AND RECOMMENDATION

The issue before me is relatively straightforward: Have the parties—Plaintiff Rudy Castillo ("Castillo") and Defendant Worley Group, Inc. ("Worley")—entered into a binding and enforceable settlement agreement to resolve this Fair Labor Standards Act ("FLSA") case? Castillo insists the parties agreed to settle this matter for a $19,000 payment. To that end, Castillo has filed a Motion to Enforce FLSA Settlement and Request for Attorneys' Fees. Dkt. 19. Worley opposes the motion, claiming it was willing to pay $19,000 to settle this matter if, and only if, Castillo agreed to execute a settlement agreement containing a number of non-monetary terms including, among other things, a confidentiality clause, a no-hire provision, and indemnity language. Because Castillo never agreed to those additional terms, Worley contends the parties never had a meeting of the minds and no enforceable settlement exists. For the reasons set forth below, I agree with Worley and recommend Castillo's motion be **DENIED**.[1]

---

[1] Because a ruling on Castillo's motion could be dispositive of the claims asserted in this matter, I am issuing a Memorandum and Recommendation as opposed to an Opinion and Order. *See Coleman v. City of Opelousas*, No. 6:20-cv-01469, 2021 WL 3812483, at *1 (W.D. La. July 23, 2021) (holding that a motion to enforce a settlement agreement is dispositive and, therefore, properly "presented as a report and recommendation in accordance with the provisions of 28 U.S.C. § 636").

## BACKGROUND

Castillo filed this case on August 24, 2023, alleging that Worley—his former employer—misclassified him as an independent contractor to avoid paying him FLSA-mandated overtime wages. On November 1, 2023, the parties filed a joint motion to stay the case pending arbitration, which the Court granted the next day.

After failing to agree on who would arbitrate, counsel for Castillo and Worley began negotiating toward a resolution through emails and phone calls. On January 29, 2024, after several weeks of negotiations, Castillo's counsel sent Worley's counsel an email stating: "Mr. Castillo is willing to accept $20,000 for a release of his wage-and-hour claims (inclusive of fees and costs). This is Mr. Castillo's last, best, and final offer." Dkt. 19-2 at 2.

Instead of responding by email, Worley's counsel enlisted an old-fashioned form of communication: the telephone. There is no meaningful dispute as to what was said between Worley's counsel and Castillo's counsel during that conversation. Worley's counsel explained that her client would not pay $20,000 to settle, but indicated that "some amount close to $20,000 was a possibility." Dkt. 21-1 at 3. Castillo's counsel says he then "officially made the $19,000 offer to resolve Mr. Castillo's wage-and-hour claims." Dkt. 19-1 at 2. Worley's counsel said she would take the $19,000 offer back to her client. At no time during this phone call did the lawyers discuss any non-monetary terms of a proposed settlement.

On February 27, 2024, Worley's counsel sent the following email to Castillo's counsel:

Hi Will,

Our client agrees to settle for $19,000.

Attached is a draft settlement agreement for your review. Worley can pay electronically or by paper check. I just need to know how to split up the total. And, assuming that you want the total split between Castillo and your firm, Worley needs both to complete the attached form and provide a W-9. If Worley will be paying by paper checks, that should be indicated where the banking information would go on the form.

Just let me know if you have any questions.

Thanks,
Amanda

Dkt. 19-2 at 2.

The draft settlement agreement attached to the email contained several non-monetary provisions. These included a complete release of all claims, an agreement that Castillo would not seek future employment with Worley, a confidentiality clause, and indemnification language. Castillo refused to sign the proposed settlement agreement. Nonetheless, Castillo now maintains that the parties' lawyers reached a meeting of the minds to settle Castillo's wage-and-hour claim for $19,000 through the referenced email and phone communications.

## LEGAL STANDARD

"[A] district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by parties." *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994). When "[t]he settlement involves a right to sue derived from a federal statute," like Castillo's claims under the FLSA, "federal law . . . governs the validity of the settlement." *Macktal v. Sec'y of Lab.*, 923 F.2d 1150, 1157 n.32 (5th Cir. 1991).

Under federal law, "[a] settlement agreement is a contract." *Guidry v. Halliburton Geophysical Servs., Inc.*, 976 F.2d 938, 940 (5th Cir. 1992). Thus, a "binding settlement agreement exists where there is a manifestation of mutual assent, usually in the form of an offer and an acceptance." *Chen v. Highland Cap. Mgmt., L.P.*, No. 3:10-cv-1039, 2012 WL 5935602, at *2 (N.D. Tex. Nov. 27, 2012). "If the parties' communications indicate that an agreement has been reached and there are no material terms outstanding to negotiate, the court can enforce a settlement agreement made orally or by email." *Lee v. Gulf Coast Blood Ctr.*, No. H-19-4315, 2020 WL 4700896, at *5 (S.D. Tex. Aug. 13, 2020); *see also Peacock v. Deutsche Bank Nat'l Tr. Co.*, No. 4:20-cv-3945, 2022 WL 1185173, at *3 (S.D. Tex. Apr. 19, 2022) ("An agreement on all essential terms, with no material matters left open to negotiate, creates a binding and enforceable settlement.").

## ANALYSIS

### A.   THE COURT, NOT AN ARBITRATOR, HAS THE AUTHORITY TO RECOGNIZE AND ENFORCE ANY SETTLEMENT AGREEMENT.

As an initial matter, Worley argues that an "arbitrator must determine whether the parties agreed to settle." Dkt. 21 at 5. I disagree.

The Fifth Circuit has "long recognized" a district court's inherent authority to enforce agreements settling litigation before it. *Wise v. Wilkie*, 955 F.3d 430, 434 (5th Cir. 2020). "[A]ssertion of jurisdiction to enforce a settlement agreement furthers the federal policy of promoting amicable adjustment of disputes and avoiding costly and time-consuming litigation in federal court." *New Castle Cnty. v. U.S. Fire Ins. Co.*, 728 F. Supp. 318, 320 (D. Del. 1989).

It is true that the parties agreed to arbitrate any "dispute concerning any aspect of [Castillo's] employment by [Worley] or its affiliates." Dkt. 16-1 at 3. But that does not help Worley's cause. While the parties have contracted for arbitration of disputes concerning Castillo's employment, they have not agreed to arbitrate any disputes concerning whether the parties reached a binding and enforceable settlement agreement concerning this litigation. Determining whether Castillo and Worley entered into an enforceable settlement agreement is a question of contract law that is unrelated to the underlying merits of Castillo's FLSA claim. In short, only this Court can decide whether the parties have settled their dispute.

Having determined that this action is properly before this Court, I now turn to whether there is, in fact, an enforceable settlement agreement.

### B.   THERE IS NOT AN ENFORCEABLE SETTLEMENT AGREEMENT.

To determine whether the parties reached a settlement, I apply the fundamental principles of contract law:

> The formation of a contract requires a bargain in which there is a manifestation of mutual assent to the exchange and a consideration. In order to find that the parties formed a settlement agreement, the court must determine whether there was proper acceptance of an offer. An offer is the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that

> his assent to that bargain is invited and will conclude it. Acceptance of an offer is a manifestation of assent to the terms thereof made by the offeree in a manner invited or required by the offer.

*Lozano v. Metro. Transit Auth. of Harris Cnty.*, No. H-14-1297, 2016 WL 3906295, at *3 (S.D. Tex. July 19, 2016) (cleaned up).

Castillo argues the settlement between the parties became final when Worley's counsel emailed Castillo's counsel that Worley "agrees to settle for $19,000." Dkt. 19-2 at 2. In advancing this argument, Castillo conveniently omits mentioning what the rest of the February 27, 2024 email between counsel says. In that email, Worley's counsel did not unequivocally agree to pay $19,000 to settle Castillo's wage-and-hour claims. After agreeing to a $19,000 figure, the very next sentence in the email states: "Attached is a draft settlement agreement for your review." *Id.*

This language objectively indicates that a meeting of the minds about material, non-monetary provisions had not yet occurred. What Castillo calls an "acceptance" is actually a "counter-offer." "A counter-offer is an offer made by an offeree to his offeror relating to the same matter as the original offer and proposing a substituted bargain differing from that proposed by the original offer.'" *Lozano*, 2016 WL 3906295, at *5 (quoting RESTATEMENT (SECOND) OF CONTRACTS § 39). "When considering whether a purported acceptance constitutes a counter-offer, the court will find a counter-offer only when there is a *material* variation of the original offered terms." *Lozano*, 2016 WL 3906295, at *5 (quotation omitted). The draft settlement agreement, which introduces non-monetary provisions, is a material variation of Castillo's offered term of only $19,000 in the February 21, 2024 phone call. The parties simply did not form a contract. Basic contract law demands this outcome. "[W]here an agreement leaves essential terms open for future negotiations, it is not a binding contract but, rather, an unenforceable agreement to agree." *See Liberto v. D.F. Stauffer Biscuit Co.*, 441 F.3d 318, 323 (5th Cir. 2006) (quotation omitted).

5

## CONCLUSION

For the reasons explained above, I recommend Castillo's Motion to Enforce FLSA Settlement and Request for Attorneys' Fees (Dkt. 19) be **DENIED**.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 28th day of June 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE